# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

OF CASES ARGUED AT

## APRIL TERM, 1861, AT OTTAWA.

---

GEORGE W. OUTLAW, Plaintiff in Error, *v.* JOSEPH
L. DAVIS, and JOEL KETCHUM, Defendants in Error.*

ERROR TO TAZEWELL.

A justice of the peace issues a capias upon an oath, an affidavit is not necessary,
and the presumption is, that a justice requires all the necessary averments in
the oath, such as are commanded by the constitution and laws.

The plaintiff in a suit where a capias has been issued by a justice of the peace,
is not answerable with the justice in trespass *vi et armis*, even if the process
has been issued without a sufficient oath; the magistrate is the proper person
to pass upon its sufficiency. If a party acts maliciously, case is the proper
remedy. Nor would a magistrate be liable in trespass, if he had jurisdiction
to issue the process.

THE opinion of the Court by Mr. Justice BREESE, states the
case fully.

ROBERTS & IRELAND, for Plaintiff in Error.

S. D. PUTERBAUGH, for Defendants in Error.

BREESE, J.   This was an action of trespass *vi et armis*,
brought by Outlaw against Davis and Ketchum, and tried
before HARRIOTT, Judge, at the February term, 1860, of the
Tazewell Circuit Court.
The declaration contained two counts.

* This and the three following cases were heard at April term, 1861.

The first count charged, that on the 23rd day of November, 1859, with force and arms, at Tazewell county, the said Joseph L. Davis ,being then and there a justice of the peace of said county, and the said Joel Ketchum procured the said Joseph L. Davis, as such justice of the peace of said Tazewell county, without having any jurisdiction thereof whatever, and without any affidavit being filed by the said Ketchum, or by any person or persons for him, that the said plaintiff was indebted to said Ketchum, and that the said plaintiff had refused to surrender his estate for the benefit of his creditors, or that the plaintiff had been guilty of fraud, issued a writ against the body of said plaintiff, called a *capias ad respondendum* in the name of the People of the State of Illinois, directed to any constable of Tazewell county, commanding him to take the body of the said plaintiff, and to bring him forthwith before the said Joseph L. Davis, unless special bail be entered; and if such bail should be entered, then to summon said plaintiff to appear before the said Joseph L. Davis, at Mackinaw, on the 7th of November, at two o'clock P. M., to answer the complaint of said Ketchum, for a failure to pay him a certain demand not exceeding one hundred dollars, and to make due return as the law directs, and then and there delivered the said capias into the hands of one E. B. Hibbard, the said Hibbard being then and there a constable of said Tazewell county, to execute, and the said Hibbard, in pursuance of, and in obedience to the commands of said writ as constable as aforesaid, then and there seized, and laid hold of the said plaintiff, with great force and violence, and then and there forced and compelled the said plaintiff to go from and out of his dwelling house in Tazewell county, to the office of said Davis in said county, and then and there imprisoned the said plaintiff, and kept and detained him in prison, for a long space of time, to wit, for the space of ten days, then next following, contrary to the law of the State of Illinois, and against the will of the plaintiff. Whereby said plaintiff was greatly hurt and injured in his circumstances, and credit, to wit, at Tazewell county aforesaid.

The second count charged, that the said defendants, on the day and year aforesaid, at Tazewell county aforesaid, with force and arms, then and there again beat, bruised and illtreated him the said plaintiff, and caused him to be arrested without any authority of law whatever, and then and there imprisoned him, and kept and detained him in prison, there, without any reasonable or probable cause whatever, for a long space of time, to wit, the space of ten hours, then next following, contrary to the laws of the State of Illinois, whereby

the plaintiff was greatly injured and bruised, and was also greatly injured in his circumstances and credit, to wit, at Tazewell county aforesaid, to damage of plaintiff, of five hundred dollars.

To the first count of the declaration, defendants demurred, and judgment on the demurrer for the defendants.

To the second count of the declaration, the defendants pleaded separately, both pleas in substance as follows :

And the said defendant, Joseph L. Davis, by his attorney, Puterbaugh, comes and defends the force and injury, etc., when, etc., and says, *actio non*, because he says, that the said plaintiff ought not to have or maintain his aforesaid action thereof, in the second count of said declaration mentioned, because he says, that the said defendant was, and is now, an acting justice of the peace, in and for said county, and having jurisdiction of matters of such nature, the said defendant, Joel B. Ketchum, at the county and State aforesaid, on the 2nd day of November, A. D. 1859, made oath, that there was danger that the debt or claim of such Joel B. Ketchum against said George W. Outlaw, amounting to $94.69, will be lost unless the said George W. Outlaw be held to bail, and stated the cause of such danger, so as to satisfy the said Joseph L. Davis that there was reason to apprehend such loss. Thereupon Joseph L. Davis did issue a warrant commonly called a *capias ad respondendum*, in the name of the People of the State of Illinois, directed to any constable of said county, commanding him to take the body of the said plaintiff, and to bring him forthwith before the said Joseph L. Davis, unless special bail be entered, and if such special bail be entered, then to command him to appear before the said Joseph. L. Davis at Mackinaw, on the 7th day of November, at two o'clock P. M., to answer the complaint of said Ketchum, for a failure to pay him a certain demand not exceeding one hundred dollars, and to make due return, as the law directs; which said *capias ad respondendum*, the said Joseph L. Davis, as such justice of the peace, then and there delivered into the hands of E. B. Hibbard, the said Hibbard being then and there a constable of said Tazewell county, to execute, and the said Hibbard, in pursuance, and in obedience to the command of said writ, as constable as aforesaid, gently laid his hands upon said plaintiff and arrested him, using only necessary force, and brought said plaintiff before said Joseph L. Davis for trial, on the day and year last aforesaid, when the said George W. Outlaw confessed judgment for the amount of said claim, whereupon the said plaintiff was then and there released from such arrest, which is the same supposed tres-

pass in the said second count in said declaration mentioned, whereof the said plaintiff hath complained of them, and this the said defendant is ready to verify. Wherefore he prays judgment, etc.

To these pleas the plaintiff demurred, and the demurrer was overruled by the court. The plaintiff abided by his demurrer; and thereupon the court gave judgment against the plaintiff for costs.

The errors assigned are, that the court erred in sustaining the defendants' demurrer to first count in declaration, and in overruling plaintiff's demurrer to defendants' pleas to second count of declaration.

The first question presented, is, was the first count good? It alleges that Ketchum framed, and Davis, as a justice of the peace, issued, the capias, without any affidavit being filed that the plaintiff was indebted to Ketchum, and that he had refused to surrender his estate for the benefit of his creditors, or hat the plaintiff had been guilty of fraud.

Section 22 of Chap. 59, provides, that "if previous to the commencement of a suit, the plaintiff shall make oath that there is danger that the debt or claim of such plaintiff will be lost, unless the defendant be held to bail, and shall state, under oath, the cause of such danger, so as to satisfy the justice that there is reason to apprehend such loss, the justice shall issue a warrant, which shall be in the following form," etc. (Scates' Comp. 696.)

An affidavit in writing is not required, as in the Circuit Court, (sec. 2, ch. 14, Scates' Comp. 236,) but simply an oath, which the justice is to administer, and the presumption must obtain, that he required all the necessary averments in the oath. As an affidavit was not required, the count averred too much, and was demurrable. It made a case not within the law, and the demurrer was to the merits and in bar. The point the plaintiff in error makes, is, that the declaration shows a case wherein the magistrate had not jurisdiction, consequently his acts are void, and he may be sued as a trespasser, and the constable also.

It has been decided by this court in the case of *Hull* v. *Blaisdell*, 1 Scam. 334, that an attachment issued by a justice of the peace for a sum beyond his jurisdiction, makes him and the officer executing it trespassers, and a similar principle was established in the case of *Tefft* v. *Ashbaugh*, 13 Ill. 603. This may be admitted to be the law, and yet they do not decide this case. How can it be known, from anything appearing in the declaration, that the necessary oath was not made? An affidavit in writing not being required, but a mere verbal

oath, how can it be known, until the oath which the plaintiff made is shown, that the magistrate had not jurisdiction of the case? The oath may have come up to all the requirements of the law. The demurrer admits only that no affidavit was filed as charged in the declaration, but as that is not required, a want of jurisdiction is not thus shown.

We come now to consider the plea, and the matters arising on the demurrer to it.

The plea states, that Ketchum made oath before him, Davis, a justice of the peace, that there was danger that the debt or claim he had against the plaintiff here, amounting to $94.69, would be lost unless he was held to bail, stating the cause of such danger so as to satisfy the justice of the peace that there was reason to apprehend such loss.

The demurrer admits that an oath was made, and such cause of danger shown, sufficient to satisfy the justice of the peace that loss of the debt was apprehended. The statute in force at the date of these proceedings, chapter 59, section 22, has been quoted.

This statute, or one like it in all important particulars, has been in force from a period coeval almost with the existence of the State Government, and has never yet received a judicial exposition. The case *Ex parte Smith*, 16 Ill. 348, was not decided upon this statute. The capias, in that case, was issued by the clerk of the Circuit Court, on an affidavit which, though in conformity with the then existing statute, was held insufficient, because it did not show the causes of the danger of loss of the debt, or any circumstances required by the constitution to subject the defendant to imprisonment for debt, such as that he had refused to deliver up his property on execution, or some fraudulent act or design. The case of *Gorton* v. *Frizzell*, 20 Ill. 291, was also decided upon a written affidavit appearing in the record. No facts appeared in it, showing any cause for the danger apprehended, as in *Ex parte Smith*.

This case is a different one—cause was shown sufficient to satisfy the justice that danger of loss of the debt was to be apprehended, and it may be, for aught this court can know, that the causes were, that he was fraudulently disposing of his property, or refused to surrender it for the benefit of his creditors. The circumstances detailed, which satisfied the justice of the peace, are not and cannot be known to us, and we have a right to presume, in favor of the justice, that inasmuch as they satisfied him, they must have been such as required by the constitution and law. *Ballance* v. *Underhill et al.*, 3 Scam. 457.

There is no want of jurisdiction then apparent in the plea, and as pleaded it presented a good defense.

It is urged by the plaintiff in error, that the oath required by the statute should be in writing, in order to detect perjury. If it was in writing, it would not then be what the statute requires: it would then be an affidavit, which is defined to be an oath or affirmation reduced to writing, sworn or affirmed to, before some officer having authority to administer it. As a precautionary measure, it might be well for the justice of the peace to reduce the oath to writing, but we cannot compel it.

But there is another aspect in which this case is to be viewed. The suit is brought against the magistrate, and the plaintiff who made the oath, jointly. On what principle is it that the complaining creditor can be made liable in an action of trespass *vi et armis?* Is he, ought he, to be held responsible for the act of the judicial tribunal to which he applies, in good faith and free from any malicious intention, for process to redress an injury, or for the recovery of a debt? He goes to a magistrate having jurisdiction of the subject matter of his complaint, and makes his statement on oath, which the magistrate adjudges to be sufficient to justify the issuing of the required process. The magistrate was honestly mistaken, from ignorance possibly, and the sworn statement is proved insufficient. To hold the complaining creditor liable in such a case, jointly with the magistrate committing the error, would be making him the judge of the sufficiency of his sworn statement, the province, exclusively, of the magistrate. The action of trespass, we do not think, was ever carried to this extent. If it is carried so far, it would make the suitor in court responsible for the correctness of the judgment of the court—a principle not to be tolerated. We have found no well adjudged case that holds the suitor liable in trespass, jointly with the magistrate.

In the case of *West* v. *Smallwood,* 3 Meeson & Welsby, 417, which was an action of the same description as this—trespass and false imprisonment—it appeared that the plaintiff was a builder, and had been employed by the defendant to build some houses for him, under a special contract. A dispute arose, and the plaintiff discontinued the work, whereupon the defendant went before a magistrate and laid an information against him under the Master and Servant's Act, 4 Geo. IV. The magistrate granted the warrant, and when brought up on it, he was discharged, and brought his action. Lord Abinger, who tried the cause on the circuit, was of opinion

Outlaw v. Davis et al.

that the action was misconceived, and non-suited the plaintiff, and now in the Exchequer, a motion was made to set aside the non-suit and for a new trial, and it was argued in support of the motion, that if a complaint be made, and the magistrate be put in motion by the party complaining, in a matter over which he has no jurisdiction, he is a trespasser, and all who act with or under him are trespassers also. That the act of 4 Geo. IV, gave the magistrate authority only in cases where the relation of master and servant existed, and, therefore, the magistrate had no right to grant a warrant unless he was clearly satisfied that relation did exist.

Lord Abinger said, he retained the opinion he had at the circuit. Where a magistrate has a general jurisdiction over the subject matter, and a party comes before him and prefers a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, the only remedy against him being by an action on the case, if he has acted maliciously.

Baron Bolland was of the same opinion, for the same reasons, and says, in the case of an act done by a magistrate, the complainant does no more than lay before a court of competent jurisdiction, the grounds on which he seeks redress, and the magistrate, erroneously thinking that he has authority, grants the warrant. Baron Alderson said, the party must be taken to have fairly laid his case before the magistrate, who thereupon granted a warrant adapted to the complaint. Then what has been done by the defendant to make him a trespasser? He would be liable only in case, if he was actuated in what he did by malice.

We think, then, if the magistrate, having jurisdiction of the general subject, did not require a sufficient statement, on oath, of the party complaining, such party could not possibly be guilty of a trespass with force and arms. If he had acted maliciously, case would lie against him.

As to the liability of the magistrate, we cannot pronounce his capias void, because we do not know, under the pleadings as they stand, what was contained in the oath made by the suitor. We have presumed the statements in it were such as the constitution required, and he had jurisdiction to issue the capias. If his action was irregular and erroneous, yet, having jurisdiction, he cannot be liable civilly in this form of action. *Flack et al.* v. *Ankeny*, Breese, 145, (old ed.); *Lancaster* v. *Lane*, 19 Ill. 242; *Booth et al.* v. *Rees*, 26 Ill. 45.

We think the demurrer was properly sustained to the first

31

count of the declaration, and properly overruled as to the defendant's separate plea, and therefore affirm the judgment.

*Judgment affirmed.*