## MARCUS A. LETTICK

*v..*

## GEORGE H. HONNOLD.

1. LANDLORD AND TENANT—*eviction.* Where a tenant voluntarily yields possession of a part of the premises leased, to another, there is no eviction, and proof of such fact will not sustain a plea of failure of consideration of a note given for rent in advance.

2. ERROR—*will not always reverse—refusal to allow a party to avail of a plea which is admitted.* Where a special plea alleges facts which are not controverted by replication, such facts stand as admitted, and the defendant has a right to avail thereof before the jury; but a refusal to permit such use of the plea will not be ground for reversal if the facts alleged would not have changed the result of the trial.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Suit was brought in the Christian county circuit court upon notes given to the appellee by Wm. J. Hiskett, for rent of farm lands to Hiskett, the appellant signing as. his security. The principal was not served. During the proceedings 'the case was removed by change of venue to Sangamon county, judgment had for the appellee, and appeal upon bill of exceptions taken to .this court. The points on which the case turned are contained in the opinion of the court.

Messrs. BROADWELL & SPRINGER, for the appellant.

Messrs. J. C. & C. L. CONKLING, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit containing two counts upon two promissory notes, and the common counts. The pleas

were non-assumpsit, and two special pleas substantially the same, alleging that the notes were given by one Hiskett, as principal, who had not been served with process, and the defendant, as surety, for the rent of certain land for the first year in advance, and that Hiskett was evicted before the termination of his lease, wherefore the consideration had failed.

Issue was joined on these pleas, and there was a trial by jury and a verdict for the plaintiff, for which the court rendered judgment.

To reverse this judgment the defendant appeals.

The material fact in issue between the parties was the eviction. The lessee, Hiskett, the principal in the note, was examined as a witness, and he proves nothing of the kind. The inference from his testimony is, that Brown's removal there was with his consent and approval, and he testifies that he voluntarily gave up to him some of the rooms in the house, and soon after he left the premises, about the first of March. Several payments have been made on the notes, which are a pretty clear admission of their validity.

A point is made by appellant that the court refused to allow him to read to the jury his special plea, in which is an allegation that the lease of the premises was for the term of three years, which fact was not controverted by plaintiff's replication, and, therefore, stood as an admitted fact, of which the defendant had a right to avail before the jury. The court, should have permitted the defendant to make every legitimate use of the pleadings in the cause, but, although it was error to refuse it, the judgment will not be reversed for that reason, for the fact could have made no difference in the finding, as the proof is so conclusive there was no eviction.

The judgment is affirmed.

*Judgment affirmed.*