Lowry v. Hately.

## George A. Lowry

### v.

## John Craig Hately.

*False Arrest—Action for Damages—Trespass—Process as Protection—Probable Cause—When a Question of Law—Possession of Personal Property.*

1. In an action to recover damages for false arrest and maliciously and without probable cause suing out a *ca. sa.*, it is *held:* That the burden is on the plaintiff to show malice and want of probable cause; that, without notice to the contrary, the defendant had the right to trust to, and act upon, appearances as to the quality and ownership of personal property in the possession of the plaintiff; and that, as the plaintiff did not show a want of probable cause, the court properly directed a verdict for the defendant.

2. A belief founded upon circumstances sufficiently strong to warrant it, is probable cause.

3. What is probable cause upon a state of facts assumed or proved, is a question of law.

4. Where an injury to a person is occasioned by regular process of a court of competent jurisdiction, trespass can not be sustained.

5. Possession of personal property is, *prima facie*, ownership.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. PERRY A. HULL, for appellant.

Messrs. PAYNE & PORTER, for appellee.

GARY, J.   The appellant sued the appellee in what, before the distinction between trespass and case was abolished, would have been counts in trespass for false arrest and counts in case for maliciously, and without probable cause, suing out a *ca. sa.*, under which appellant was taken.

He had been discharged upon *habeas corpus*.   There is now criticism upon the affidavit upon which the *ca. sa.* issued, as also upon the form of the order by which the circuit judge directed it.   But whether the affidavit and form of the order were correct or not, were questions over which the judge who awarded the writ had jurisdiction.   If he made a mistake, the process being regular on its face, trespass, whether in form or fact, will not lie.

The cases on the subject of when process is, or is not, a protection, when it can be attacked for defects in the cause upon which it was issued, are innumerable and irreconcilable.   The current of later authorities elsewhere, however, is in line with the cases in this State, " that whenever an injury to a person is occasioned by regular process of a court of competent jurisdiction, trespass is not sustainable."   Bassett v. Bratton, 86 Ill. 152; Blalock v. Randall, 76 Ill. 224 ; Outlaw v. Davis, 27 Ill. 467.

The fact that the appellant had been discharged on *habeas corpus* does not affect the question.   Bushel's Case, 1 Mod. .

119 ; Hammonds v. Howell, 1 Mod. 184, cited by Campbell, Sol. Gen., *arguendo*, in Dicas v. Brougham, 6 C. & P. 249. Walker v. Martin, 43 Ill. 508, hardly touches this question, as there the process was not final.

It remains to examine whether the appellant put in proof anything tending to show malice and want of probable cause, for if he did, it was error to instruct the jury to find for the appellee. Bartelott v. Inter. Bk., 119 Ill. 259. To so instruct upon the defendant's evidence in a case, would be to pass upon its truth, which is for the jury and not the court to do.

The appellant's evidence was that he carried a watch and chain, which, so far as this record shows, appeared to be gold, when, in fact, they were plated; and that he occupied and held the lease of a two story and basement brick house at 3835 Ellis avenue which was furnished, but the furniture belonged to his mother-in-law.

The affidavit made by appellee charged that the appellant had in his possession and was the owner of a valuable gold watch and chain, and of household goods and furniture at 3835 Ellis avenue, and that the appellee was informed and believed that the appellant had in his possession or under his control about $10,000 in money. It may be conceded that the appellant successfully showed that this information and belief was without foundation.

The burden of proof was on the plaintiff to show malice and want of probable cause on the part of the appellee. Calef v. Thomas, 81 Ill. 478. The case is governed by the rules applicable to the action technically called malicious prosecution. Collins v. Hayte, 50 Ill. 353.

A belief founded upon circumstances sufficiently strong to warrant the belief, is probable cause. Harpham v. Whitney, 77 Ill. 32; Angelo v. Faul, 85 Ill. 106.

Without notice to the contrary, the appellee had the right to trust to and act upon appearances.

Possession of personal property is *prima facie* ownership. The appellant was in possession of a watch and chain that appeared to be gold, and the furniture of a two story and basement brick house. No notice to the appellee that things

were not what they seemed, is shown. What is probable cause upon a state of facts assumed or proved, is a question of law. Roy v. Goings, 6 Ill. App. 140, and cases there cited.

The appellant did not show a want of probable cause, taking his own version of his condition to be true. Notice to the appellee of that condition is not to be presumed without proof.

The judgment is affirmed.

*Judgment affirmed.*