## WILLIAM WILMERTON

### v.

## SAMUEL SAMPLE.

*Trespass—Search Warrant—Justice—Jurisdiction of—Justification—Plea of—Evidence—Instructions.*

1.  A justice has jurisdiction to issue a search warrant upon the making of a proper affidavit therefor.

2.  In such case the magistrate is the judge of the sufficiency of the affidavit presented to him, and the complaining witness is not responsible for the correctness of such judgment.  He is liable only for his own act in setting the magistrate in motion, if that act be malicious and without probable cause, and such liability can only be enforced in an action on the case, for trespass will not lie for an act done under legal process regularly issued from a court, or by an officer of competent jurisdiction.

3.  If a magistrate does not require a sufficient affidavit from the complaining witness, he can not, on that account, be held liable for a trespass *vi et armis*.

4.  Where there is no plea of justification on file, its absence will cut no figure, the plaintiff having offered an instruction, which was given, touching the effect of the warrant as a justification, proof, likewise, having been made without objection, of the circumstances touching the issuing of the same.

[Opinion filed December 7, 1891.] [1]

Appeal from the Circuit Court of Mercer County; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. J. H. Connell and J. M. Brook, for appellant.

Messrs. Bassett & Bassett, for appellee.

Cartwright, J.   This case was before this court on a former appeal (39 Ill. App. 60).  After remandment to the Circuit Court, appellee, the plaintiff in the suit, dismissed the first, second, fourth and fifth counts of his declaration, leaving only the third count, charging trespass to appellee's dwelling house and property therein, the sixth count, charging malicious prosecution in procuring appellee's arrest for larceny, and the seventh count, for malicious prosecution in the indictment of appellee for malicious mischief.  The plea was the general issue, and, upon a trial, the jury found appellant guilty of trespass, being the charge in the third count, and the damages were assessed at $10.  Appellee was content with the verdict, but appellant moved for a new trial, and upon its being overruled and judgment entered, he prosecuted this ap-

peal.    The jury having found for appellant on the counts for·
malicious prosecution, the matters therein charged have been
finally settled in his favor, and it is not necessary to consider
the evidence or instructions relating to such charges, but only
such as relate to the charge of trespass to the dwelling house
and property in the same.

In proving the acts complained of as a trespass, appellee
offered evidence that one A. A. Hays, a constable, came to the
house with a search warrant issued by Peter M. Brown, a jus-
tice of the peace, and by virtue of .that writ committed the
alleged trespass by making search for doors and windows
alleged to have been stolen.    Appellee called the·justice as a
witness, and identified an affidavit made by appellant charging
a larceny of the doors and windows, and offered said affidavit
in evidence, and also proved the issuing of the search warrant
and that it was lost after it had been served and returned.
The testimony of this witness was substantially that appellant
brought an affidavit to him, which he thought was the same
one offered in evidence, although.he was not certain that there
was not another one, and upon the affidavit so furnished him, he
issued the search warrant, the contents of which he gave in
substance as authorizing the constable to search appellee's
property for the doors and windows alleged to have been
stolen.    He also testified that the search warrant, when made
out, was delivered to appellant.    Appellee claimed that the
search warrant was issued upon the affidavit preserved in the
record, which did not contain all the matters required by the
constitution, and appellant claimed and gave evidence tend-
ing to show that there probably was another affidavit which
was lost.    It is more likely that the claim of appellee is true,
and that the search warrant was issued upon the insufficient
affidavit; but it was clearly shown that it was issued upon some
sort of affidavit adjudged by the justice sufficient to authorize
the issuance of the writ.    It can not be questioned that the
justice had jurisdiction to issue the search warrant, upon the
making of a proper affidavit therefor.    The statute vested in
him the authority of law to act officially in matters of that
kind, and when applied to by appellant to issue a writ to be

executed within his territorial jurisdiction, he had authority as a magistrate to act officially in the matter then in hand. If it were a matter in which the justice had no authority to act at all, he would be without jurisdiction, and the parties would all be trespassers; but here he had general jurisdiction over the subject-matter, and the most that can be said is that he erred in his judgment; that the affidavit was insufficient, and issued a writ not justifiable in the law. In such case the magistrate is the judge of the sufficiency of the affidavit presented to him, and the complaining witness is not responsible for the correctness of that judgment. The welfare of the State and the public interest in the prosecution of offenses against the law forbids that he should be so responsible. He is liable only for his own act in setting the magistrate in motion, if that act be malicious and without probable cause. That liability can only be enforced in an action on the case. Trespass will not lie for an act done under legal process regularly issued from a court, or by an officer of competent jurisdiction. If the magistrate did not require a sufficient affidavit from appellant, he could not, on that account, be liable for a trespass *vi et armis*. Outlaw v. Davis, 27 Ill. 467; Blalock v. Randall, 76 Ill. 224; Bassett et al. v. Bratton, 86 Ill. 152; West v. Smallwood, 3 M. & W. 417; Cooley on Torts, 468.

Although there was no plea of justification, the proof was made as stated by appellee, and no objection was made to proof on the subject by appellant. Appellee also offered an instruction, which was given, touching the effect of the warrant as a justification. Under these circumstances, the point that there was no plea of justification will not be considered.

The court, at the instance of appellee, gave this instruction : " The jury are further instructed that the justice of the peace had no legal authority to issue the search warrant, and the search warrant issued by him was void, and any entry into the house of the plaintiff under said warrant was illegal; and all who aided, advised, or committed any entry of plaintiff's premises under such warrant were trespassers. And if the jury believe from the evidence that the defendant procured

the said warrant to be issued, and instructed the constable to enter the home of the plaintiff and carry away the doors and windows of the plaintiff, then the defendant is liable in damages for all that the constable did in pursuance of such instructions, if any such were given."

Under this instruction the jury could not have done otherwise than as they did. The instruction was erroneous. The judgment will be reversed.

*Judgment reversed.*