Theresa Feld, Defendant in Error, v. Samuel T. A. Loftis and Joseph S. Loftis, Plaintiffs in Error.

### Gen. No. 13,722.

1. PLEADING—*when plea nul tiel record inappropriate.* The plea of *nul tiel* record is technically inappropriate to question the existence of a justice court record. It is only where a justice court is one of record that such a plea may properly be employed.

2. PLEADING—*effect of failure to reply.* The failure to reply to a plea by traverse or avoidance admits the material facts well pleaded.

Feld v. Loftis.

3. PLEADING—*what general issue puts in issue in action for false arrest.* In action for false imprisonment, a plea of the general issue not only puts in issue the fact of the imprisonment alleged but also the participation of the defendant therein.

4. PRACTICE—*how issue formed upon plea nul tiel record determined.* An issue raised by a plea *nul tiel* record is to be determined by the court and not by the jury.

5. RES JUDICATA—*of what habeas corpus proceeding not.* The illegality of an imprisonment does not become *res judicata* by virtue of a judgment in a *habeas corpus* proceeding brought to test the illegality of such imprisonment.

6. JUDICIAL NOTICE—*of what taken.* Judicial notice will be taken as to who is the jail-keeper of the Cook county jail.

7. FALSE IMPRISONMENT—*who not liable in action for.* A magistrate who issues and an officer who obeys a void process are liable for the imprisonment made thereon, but the plaintiff or complaining witness in the action of prosecution out of which such process issued is not liable in an action for false imprisonment.

8. REPLEVIN—*when transcript of justice shows jurisdiction.* The transcript of a justice is sufficient to show jurisdiction of an action of replevin if it appears therefrom that the jurisdictional affidavit was filed. Such affidavit need not be set forth in full.

9. JUSTICE OF THE PEACE—*what not essential to valid transcript.* A seal is not essential to a valid transcript of a justice.

10. DE FACTO OFFICIALS—*when proof of, sufficient.* In an action for false arrest a legal justification may be predicated upon proof that the officer making the arrest was a *de facto* officer.

Action in trespass. Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed April 6, 1908.

Statement by the Court. This is a writ of error sued out to reverse a judgment of the Circuit Court of Cook County for $1,500 in favor of the defendant in error, Theresa Feld, who was plaintiff below, against Samuel T. A. Loftis and Joseph S. Loftis, plaintiffs in error, who were defendants below.

The suit was begun August 23, 1900, and in September of that year a declaration was filed in three counts. Its allegations were directed against all the defendants originally named, who were The Loftis Manufacturing Company—S. T. A. Loftis, J. S. Loftis and A. A. Loftis. During the progress of the case a

discontinuance was taken against The Loftis Manu-
facturing Company, and the death of A. A. Loftis
having been suggested, the suit was ordered abated
as to him.

The first count of the declaration charged that the
defendants on June 1, 1900, "with force and arms
caused the plaintiff to be seized and then and there
imprisoned and detained in prison without any rea-
sonable or probable cause whatsoever," etc.

The second count states additional matter of in-
ducement, but its gist is that the defendants "caused
the body of the plaintiff then and there to be taken
and seized and delivered to the keeper of the jail in
Cook county, Illinois, and to be therein then and there
imprisoned, detained and restrained of her liberty
without any reasonable or probable cause whatsoever,
for the space of twenty-four hours," etc.

The third count also contains additional matter of
inducement and aggravation, but the essential charge
therein contained is, that the defendants "caused the
body of the plaintiff to be seized, taken and delivered
to the keeper of the common jail in Cook county, Illi-
nois, and to be therein imprisoned and restrained of
her liberty without any reasonable or probable cause
therefor."

Pleas were filed to this declaration by Joseph S.
Loftis and S. T. A. Loftis separately. Each of them
pleaded not guilty, and to these pleas a *similiter* was
filed by the plaintiff, which made in each case the first
issue to be tried.

Joseph S. Loftis, who was the first defendant served,
filed also, on July 19, 1902, a second plea, which set
up that at the time of the alleged imprisonment of
the plaintiff, Joseph S. Loftis and S. T. A. Loftis
made such oath before one Holt, a justice of the peace
of Cook county, Illinois, having jurisdiction of the
matter, that on February 28, 1900, a writ of replevin
issued from said justice for a bicycle said to be in the
possession of the plaintiff, which writ was given to a

constable, who returned the same served on the defendant in error, Mrs. Feld, but with the certificate that he was unable to find the chattel to be replevined; that the said replevin suit was called for hearing before said justice of the peace, "the plaintiffs having declared in trover;" that at said trial a jury of six men was summoned and returned a verdict finding the right of property in the plaintiffs, and "that the defendant wrongfully and fraudulently converted the said goods and property of the plaintiffs to her own use, to the damage of the plaintiffs in the sum of $27.50;" that afterward an execution was issued by said Holt, the justice aforesaid, "which execution commanded any constable in said Cook county that out of the goods and chattels of the defendant, Mrs. Joseph Z. Feld, he make the sum of $27.50 judgment and $13 costs, and for want of said goods and chattels, said constable was ordered to take the body of the said Mrs. Joseph Z. Feld and her convey and deliver unto the keeper of the jail of the said county," who was thereby commanded to receive and keep the said Mrs. Joseph Z. Feld in safe custody until said sum and all legal expenses be satisfied, or until she be discharged by due course of law; that the said execution was delivered to one E. E. Schmedling, a legally elected constable in and for the county of Cook, on the twenty-seventh day of April, 1900, and that on the first day of June, 1900, the said constable made the following return upon the said writ: "By virtue of the within writ I have made diligent search for the goods and chattels of the within named defendant whereupon to levy on same, and being unable to find any, did upon this first day of June, 1900, take the body of the within named defendant, Mrs. Joseph Z. Feld, and delivered her to the keeper of the said jail of the said Cook county, as within I am commanded.

E. S. SCHMEDLING, Constable."

We have given the substance of this plea in detail because it was the first special plea filed, and because

although it was lacking in artificiality and was supplemented by the defendant, Joseph S. Loftis, by a third plea filed November 21, 1903, setting out the same facts and also the judgment on the verdict, and alleging that the arrest of said plaintiff by said constable under said execution, and the imprisonment and detention of said plaintiff under said execution by the keeper of the jail of said Cook county was "the same arrest, imprisonment, wrongs, injuries and detention complained of by said plaintiff in the several counts of her said declaration" (which said last plea was also, in effect, duplicated by the other defendant, S. T. A. Loftis, December 22, 1903), it sufficiently shows the defense on which the defendants rely in this action. To the pleas of Joseph S. Loftis, the plaintiff, Theresa Feld filed replications November 30, 1902. These consisted of a *similiter* to the general issue as before indicated, a replication of *"nul tiel* record" to each of the other pleas, and also a replication *"de injuria"* to the third plea, admitting that "the plaintiff was arrested and restrained of her liberty and imprisoned by virtue of the execution in that plea mentioned," but setting up that she was discharged from custody by the Circuit Court of Cook county on a certain *habeas corpus* proceeding in which the petition was filed by Joseph Z. Feld as relator, and alleged the unlawful imprisonment of Mrs. Feld by the sheriff and *ex-officio* keeper of the jail of Cook county, and that the justice exceeded his powers and jurisdiction in issuing the writ under which she was held. The replication further alleges that upon her oath in writing the plaintiff filed in said *habeas corpus* proceedings a statement which went into the merits of the controversy between Loftis Bros. and the plaintiff, and then proceeded: "The said Loftis Bros., before one Robert N. Holt, by false statements under oath and by false pretenses, falsely and fraudulently claiming and pretending that plaintiff was indebted to them in the sum of $27.50," obtained a judgment falsely and fraudulently in tort, when in

fact no tort had ever been committed or was proven within the jurisdiction of said justice of the peace, and that said justice of the peace, without any proper cause supported by affidavit, upon the fraudulent procurement of said Loftis Bros., issued the writ in the return set forth for the arrest and imprisonment of plaintiff, and that plaintiff was seized and imprisoned by virtue of said writ; that in rendering the judgment and issuing said writ said justice of the peace exceeded the limits of his jurisdiction as to matter, sum or person, and said writ was issued in a case and under circumstances where the law does not allow process for arrest and imprisonment to issue. The replication then proceeds: "And the plaintiff avers that the said Loftis Brothers were duly notified of the issue of said writ of *habeas corpus,* and appeared before said Circuit Court on, to wit, June 2, 1900, and June 8, 1900, by Z. B. Wagner, and opposed the proceedings on said *habeas corpus* and resisted the discharge of the plaintiff therein. And plaintiff avers that such proceedings were had in such Circuit Court that on, to wit, the eighth day of June, 1900, by the consideration and judgment of said Circuit Court it was adjudged, upon the hearing of the matters and things alleged in said petition and the writ and return thereto, as aforesaid, and the allegations filed under oath by the plaintiff, and the Circuit Court found, that the plaintiff was unlawfully and wrongfully imprisoned and restrained of her liberty, and adjudged and ordered that the plaintiff be discharged and released from such imprisonment and detention pursuant to the statute in such case made and provided. And plaintiff avers that the said judgment of said Circuit Court in said *habeas corpus* proceeding and the record thereof still remains in said court in full force and effect and unreversed, wherefore and by reason of the premises, the plaintiff says that the said arrest and imprisonment of the plaintiff was wrongful and unlawful, and the defendant of his own wrong caused the

arrest of the plaintiff aforesaid by virtue of the writ in the said plea mentioned unlawfully," etc.

To these special replications the defendant Joseph S. Loftis interposed on December 8, 1903, general and special demurrers. The special cause of demurrer to the replication to the second plea and to the first replication to the third plea (being replications of *nul tiel* record) was that the said Robert N. Holt, mentioned in said pleas and replications, was a justice of the peace and held court as such under the provisions of the statutes of the State of Illinois, and that the said court so held by said justice of the peace was not a court of record, so that technically there could be no record of any judgment or proceedings before the said justice of the peace or of the issuing of the execution by said justice of the peace as set forth in said plea. The special causes of demurrer to the second replication to the third plea (the replication *de injuria*) were:

First, that said replication admits that said plaintiff was restrained of her liberty and imprisoned by virtue of the execution in said third plea mentioned, and then sets up immaterial matter concerning a *habeas corpus* proceeding.

Second, that in the replication the plaintiff only mentions and describes Loftis Bros., and that there is no allegation connecting the defendant Joseph S. Loftis with Loftis Bros.

Third, that it is impossible to tell whether certain allegations in the replication are allegations of fact or allegations that certain statements had been made by the plaintiff in the *habeas corpus* proceedings.

Fourth, that there are no facts set forth in the replication showing that the arrest and imprisonment were wrongful or unlawful, or that defendant of his own wrong caused the arrest of said plaintiff by virtue of said writ of execution.

On December 24, 1903, an order was, after argument, entered, sustaining the demurrers of Joseph S. Loftis to all the special replications filed by the plaint-

iff November 30, 1902, to the pleas of the said Joseph S. Loftis, whereupon the plaintiff elected to stand by her replications.

On December 22, 1903, Samuel T. A. Loftis filed two pleas to the plaintiff's declaration. The first was the general issue of not guilty, before described. The second was, in effect, the same plea as that filed by Joseph S. Loftis on November 21, 1903.

October 24, 1906, the plaintiff was given leave to file instanter "replications to defendant's plea filed herein." Thereupon, on the same day, the plaintiff refiled to the additional or third plea only of Joseph S. Loftis (being the one filed on November 21, 1903) the replications which she had filed on November 30, 1902, and which, on their being successfully demurred to, she had elected to stand by. These later replications were identical in every particular with the former ones, except that in the second replication the additional allegation was made that "the defendant Joseph S. Loftis at the time in the plea mentioned was a member of the firm of Loftis Bros."

At the same time the plaintiff filed identical replications (the name of defendant alone being changed) to the second plea of S. T. A. Loftis, and a *similiter* to his plea of the general issue.

To the special replications thus filed on October 24, 1906, neither of the defendants ever demurred or rejoined, nor was there any rule ever applied for to compel them to do so.

On January 23, 24 and 25, 1907, however, the cause was tried before a jury. At the close of the plaintiff's evidence a motion was made to take the cause from the jury, and the same motion was made at the close of all the evidence. These motions were denied, and the cause submitted to the jury under instructions from the court as to the law. The jury returned a verdict of $1,500, on which the judgment was based which is here appealed from; a motion for a new trial and a motion in arrest of judgment having been overruled.

The reasons put forward in the motion for a new
trial are repeated in the assignments of error in this
court, and include allegations that the verdict and
judgment were against the law and the weight of
the evidence; that the trial judge erred in refusing
the peremptory instruction asked for the defendants;
that he erred in rulings on the admission and exclu-
sion of evidence, in giving instructions asked by the
plaintiff, in refusing instructions asked by defendants,
and in giving of his own motion and volition certain
*instructions over the objections and exceptions of the
plaintiffs in error.*

MORAN, MAYER, MEYER & AUSTRIAN and E. R. BERLET,
for plaintiffs in error.

JAMES R. WARD, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the
court.

The plaintiffs in error in this case, in speaking of
the course of the pleadings, say that "By going to
trial without first procuring a rule on plaintiffs in
error" (the defendants) "to file rejoinders, defend-
ant in error" (the plaintiff) "waived any right to
complain of the lack of rejoinders." We do not find
in the argument of the defendant in error any com-
plaint of "the lack of rejoinders," but they do say,
"Without traversing these replications, the plaintiffs
in error treated them as traversed, the case at issue,
and proceeded on January 23, 1907, to try the issues
thus joined by a jury."

We doubt the accuracy of each and both of these
propositions. As we understand the rules of com-
mon law pleading, if the allegations of fact, or any
of them, set up in a pleading are not traversed, those
not so traversed are to be considered as admitted, and
the pleading may be read to the jury to show them.
Andrew's Stephen's Pleading (2d edition) page 323,

note; Lettick v. Honnold, 63 Ill. 335; 1 Allen (83 Mass.) 560; Holmes v. Jones, 121 N. Y. 461. Of course, however, it is only the facts which are thus admitted, not conclusions of law or mixed conclusions of law and fact. And as Mr. Justice Breese points out, in Lettick v. Honnold, 63 Ill. 335, if the facts thus admitted should have made under the law no difference to the finding or the judgment, it may be immaterial what disposition of, or ruling on, the pleading was made.

We think this was the case as to the plaintiff's replications in this case. The replications of *nul tiel* record filed October 24, 1906, were identical with those filed November 30, 1902, which were successfully and properly demurred to; for as a justice court is not a court of record, a technical plea of *nul tiel* record cannot, we think, be effectively used to question the existence in the hands of an officer of an execution regular in form, issued by the justice in a suit in which he has apparent jurisdiction. The existence of such an execution can of course be questioned, but not by a plea of *nul tiel* record of it and of the judgment on which it issued in said justice court.

It is only where justice courts are courts of record, which they are not in Illinois, that a plea of *nul tiel* record is proper to question their judgments and process. Encyclopedia of Pleading and Practice, Vol. 11 (Pleas at Law-Records) page 1158. Compare on this subject Adair v. Rogers, Wright, Ohio, 428, and Silver Lake Bank v. Hardin, Chancery, Ohio, 430; Collins v. Modisett, 1 Blackford, 60; Cole v. Driskell, 1 Blackford, 16, and notes.

But even were it not so, a plea of *nul tiel* record is not for the jury, but to be passed on by the court. Under the circumstances of this case, the replications of *nul tiel* record therefore may be and would be considered as demurred to *ore tenus,* and not admitted when the parties went to trial.

By the refusal of the court to allow the introduction in evidence of the transcript of the proceedings had

before the justice and the execution under which the defendant in error was imprisoned except in mitigation of damages, it may be considered to have indicated a decision in favor of the plaintiff on these replications. If so, we think the court erred. For reasons hereinafter stated, we think that this execution furnished a complete bar to this action against the defendants for false imprisonment, and should have been admitted without limitation as to its effect.

Passing to the replications *de injuria,* which were not traversed, it is hardly worth while to note that the record does not bear out the statement of the defendant in error's brief that on October 24, 1906, the plaintiff filed "two special replications to the *special pleas* of Joseph S. Loftis," inasmuch as the replications are specifically confined by their terms to the third plea of Joseph S. Loftis, which was filed on November 21, 1903. As a demurrer had been sustained to the replications before filed to the second plea of Joseph S. Loftis filed July 19, 1902, this left that second plea, the substance of which is set out in the statement hereto prefixed, untraversed or avoided and therefore admitted.

But this is practically immaterial in our view, for the essential part of that plea, and of all the other special pleas of either defendant, is, we think, admitted in these words in each of the replications *de injuria* on file:

"It is true that the plaintiff was arrested and restrained of her liberty and imprisoned by virtue of the execution in the plea mentioned."

The rest of the matter in these replications, whether it be construed as setting up only the *habeas corpus* proceedings and their result, or as including also direct allegations as to the merits of the controversy between the plaintiff and the defendants which led to said execution and the judgment on which it was issued, is immaterial. The court refused, and rightly refused, to allow any evidence to be introduced of the

*habeas corpus* proceedings, and whether or not this ruling was, as counsel argue, equivalent to striking the replications from the files or not does not matter. Everything contained in the replications may be assumed to be true, and the situation would not be in any respect altered. If all other considerations should be left out of account, and it also should be assumed that the discharge in the *habeas corpus* proceedings must have been based on the judgment of the Circuit Court that there was no jurisdiction in the justice of the peace to issue the execution on which the plaintiff was imprisoned (an assumption that we are far from actually making except for the sake of illustration) and also assumed that if the justice was without jurisdiction, the defendants must be considered, under the evidence, as the principals, whose agents were guilty of an unlawful arrest (another assumption against our actual opinion), yet even then we should not hold these *habeas corpus* proceedings conclusive in this case. If not conclusive, they must be immaterial as merely collateral and incidental. That they could not be conclusive we think is shown by the very fact that as there is no appeal from the decision of the court in *habeas corpus* proceedings, a review of the same questions of law or fact in the Appellate Courts in a direct proceeding, by appeal or writ of error, in the original suit in which the arrest occurred, or in one like this present, directly springing from it, would be foreclosed to the prosecuting plaintiff. But this is a right that cannot be denied him under our laws.

The doctrine of the case of Castor v. Bates, 127 Mich. 285, we cannot assent to as applicable to the situation in this state. That the *habeas corpus* proceedings were immaterial in a like case has already been decided by this court. Lowry v. Hately, 30 Ill. App. 297. This view, however, by no means conflicts with the proposition that a judgment of release in *habeas corpus* proceedings prevents another arrest and imprisonment for the same cause.

The disposition of these replications leaves us to a consideration of the issues raised by the pleas of not guilty, and the pleas of the defendants, of which, as we have said, we deem the essential parts expressly admitted by the plaintiff's replications, and which at all events, in our opinion, were sufficiently proved. The result of that consideration is that the peremptory instruction for the defendants should have been given by the court after all the evidence was heard.

The plaintiff says that the plea of the defendants of not guilty puts the mere fact of the imprisonment of the plaintiff in issue. It does more than that.

Whether or not under such a plea alone, the illegality of the imprisonment, if such imprisonment is admitted or proven, can be denied, there is no doubt that the participation or intervention of the defendant in the imprisonment itself can be controverted.

This suit is purely one for false imprisonment. It is not a suit for malicious prosecution. If it were, very different rules of law would govern it. It was, however, conceded by counsel for the plaintiff, at the trial below, in his requests for instructions, and it is conceded by his argument here, that the suit is for false imprisonment—one that must have been brought in trespass *vi et armis* had not the statutes abolished the distinction between trespass and trespass on the case. Keeping this in mind in considering the pleas of not guilty filed here, it must first strike us that the proof of the arrest and imprisonment does not make the defendants the actual trespassers, if there were a trespass, but a certain Edward E. Schmedling, acting as a constable, and Ernest Magerstadt as sheriff and keeper of the jail of Cook county. It was, according to the evidence, Schmedling who made the arrest and took the plaintiff to the jail, and Magerstadt as sheriff (and, as we take judicial notice, jail keeper) who held her until released by the order of the Circuit Court.

The plaintiff argues, however, that the action for

Feld v. Loftis.

false imprisonment lies "not only against the party
who actually imprisoned the plaintiff, but also against
any person who caused the plaintiff to be imprisoned,
or aided, abetted or incited others to do it."

Undoubtedly, the rule "*qui facit per alium facit per
se*" prevails in this department of the law as in every
other; and it is not only the person actually laying
hands on another person in the arrest or turning the
lock in a cell door in the imprisonment who can be
held liable, but as well one who controls, commands,
assists, or in such a direct sense abets, that other. In
that sense the position of the plaintiff's counsel is
sound and is sustained by the authorities he cites.
But a construction of this doctrine which would prac-
tically make it abolish the difference between liability
for malicious prosecution and liability for an impris-
onment which was the result of process finally issuing
in such prosecution, is not sound nor supported by any
authority to which we have been cited which we deem
well considered.  On the contrary, our Supreme Court
in Outlaw v. Davis, 27 Ill. 467, expressly repudiates
this doctrine, and declares it intolerable and impos-
sible.  The only manner in which either of the de-
fendants was connected by the evidence with the ar-
rest and imprisonment was by the admitted allega-
tions:  First, that as co-partners they brought a
replevin suit before the justice, which resulted in a
verdict of a jury that Mrs. Feld had fraudulently con-
verted their property, a consequent judgment of
$27.50 against her by the justice, and a *capias ad
satisfaciendum* issued to Schmedling, the constable;
and, second, that after the constable had arrested Mrs.
Feld he telephoned to S. T. A. Loftis to come to the
jail and pay the board of the prisoner under the stat-
ute, and that S. T. A. Loftis appeared there and paid
$3.50 to the representative of the sheriff, and by the
contested allegation that when this board money was
paid, the said S. T. A. Loftis said, "We will make an
example of her."

But these things did not make the defendants principals or participants in the arrest. It was the process issued by the justice, not commands of the defendants, that Schmedling and the sheriff and jail keeper were obeying. They would have very little heeded any directions of the Loftis Bros. in the absence of that process. If the process had been void, the magistrate who issued it and the constable and sheriff who obeyed it, might have been liable in trespass *vi et armis,* or in case, for false imprisonment; but as the Supreme Court in Outlaw v. Davis (*supra*) points out, *not* the plaintiffs and complaining witnesses in the suit in which it issued. See, also, Wilmerton v. Sample, 42 Ill. App. 254.

For these reasons we think that the jury should have been instructed at the close of the evidence to have found for the defendants on the issues formed on the pleas of not guilty.

But if we are wrong in this, and the defendants in this suit are liable in this action, if the magistrate, constable or jailer, or any of them, would have been in a like action, we think also that the pleas of justification filed, and which would in that case have been necessary, are good.

The contention of the defendant in error to the contrary is based on the view that the process described in these pleas was void. We see no reason for holding it so. The transcript of the justice's docket, introduced in evidence, says that on February 28, 1900, an affidavit was filed and a writ of replevin was issued. The Branch Appellate Court very properly said in Subim v. Isadore, 88 Ill. App. 96, that "it is proper to indulge in inferences in aid of the justice's transcript in respect of the regularity and legality of the steps taken by the justice as thereon shown," and it has been often held by the courts of Illinois, as it was in that case, that technical accuracy in transcripts by justices of the peace cannot be required.

It was not necessary to show the affidavit in full in the transcript. It is evident that what Judge Cart-

wright, when in the Appellate Court of the Second District, said in Wilmerton v. Semple, 42 Ill. App. 254, may be said of this writ of replevin: "It was clearly shown that it was issued on some sort of affidavit adjudged by the justice sufficient to authorize the issuance of the writ. ⁎ ⁎ ⁎ He had general jurisdiction over the subject-matter and the most that can be said is that he erred in his judgment."

We deem none of the objections made to the introduction in evidence of the transcript of the justice well taken.

The objection of the want of the seal of the justice, made for the first time here, has been held by this court futile even when made in time. Had it been specifically made below, it could have been met. Baker v. Baker, 159 Ill. 394; Foster v. People, 121 Ill. App. 167; Kitson v. Farwell, 30 Ill. App. 341.

It was unnecessary for defendants to show more of Schmedling's official character than that he was a *de facto* officer. Schlenker v. Risley, 3 Scammon 483; Schermerhorn v. Mitchell, 15 Ill. App. 418.

We are therefore of the opinion that even had the peremptory instruction asked for been justified only if the pleas in justification were proven, the defendants were entitled to it.

The judgment of the Circuit Court is therefore reversed.

*Reversed.*