# JOHN H. B. WILLOUGHBY, for use, etc.

*v.*

# JOHN S. DEWEY.

1. EVIDENCE—*docket of police magistrate.* In an action to recover the price of property sold to the defendant under an execution issued upon a judgment rendered by a police magistrate, the docket of such magistrate, duly proved by him, showing the entry of such judgment, is competent evidence on behalf of the plaintiff, even though it would not thereby appear that the magistrate had jurisdiction either of the subject matter or the person, as competency of evidence does not depend upon the extent to which facts are proved thereby.

2. SAME—*of copies or originals.* The statute which declares that copies of proceedings and judgments before justices of the peace, certified by them, shall be received as evidence of such proceedings or judgments, embraces as well, proceedings and judgments before police magistrates; and while the statute declares copies to be evidence, the original docket, duly proved to be such, is also competent evidence.

3. SAME—*jurisdiction of the person—whether proved by the magistrate's docket.* In a case where it is sought to prove the recovery of a judgment before a police magistrate, the court would be inclined to hold, if a formal entry of a judgment appears on a magistrate's docket, on which it also appears he has issued an execution, and in a case over which the law gives

him jurisdiction, it would be presumed, if not rebutted, that he had jurisdiction of the person, the docket reciting the fact that a summons issued and was returned duly served.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of assumpsit on the common counts, brought by John H. B. Willoughby, for the use of Morris M. Armstrong *et al.* against John S. Dewey, to recover for a field of growing wheat sold by the plaintiff, as constable, under an execution in his hands, to the defendant. A trial by jury, on the general issue, resulted in a verdict for the defendant, on which judgment was rendered, and the plaintiff brings the record to this court and asks a reversal.

Mr. A. W. METCALF, for the plaintiff in error.

Messrs. GILLESPIE & SPRINGER and Messrs. DALE & BURNETT, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only point made on this record, important to notice, is the refusal of the court to permit the docket of the magistrate, offered by the plaintiff as evidence in his behalf, to go to the jury.

We are at a loss to perceive on what grounds it was rejected, as the magistrate testified it was his docket, the entries in it having been made by him as police magistrate of the county of Marion.

The act concerning evidence and depositions provides, in section 3, that copies of the proceedings and judgments before justices of the peace, certified by the justice, under his hand and seal, before whom the proceedings or judgment is had, shall be received as evidence of such proceedings or judgments. Scates' Comp. 255.

The act establishing police magistrates' courts, gives to each police magistrate who may be elected in the several towns and cities, the same jurisdiction, powers and emoluments as other justices of the peace in the State; and the rules of practice and proceedings before them must conform to the practice and proceedings before justices of the peace; constables of the county can execute process issued by them, and appeals are allowed from their decisions in all cases, to be taken in the same manner as appeals from justices of the peace. Scates' Comp. 672–3.

These magistrates are no more than justices of the peace, or of greater authority, and their practice and proceedings must conform to those of justices of the peace. It is the practice of all justices of the peace to keep a docket, in which all the proceedings before them are entered. Such a docket was kept by the police magistrate, which was offered in evidence and rejected. It is true, the statute declares that copies shall be evidence, but the original docket being offered and proved to be the docket, it was competent evidence.

The objection made here is, that the docket, if admitted, would show only the judgment, but would not show that the magistrate had jurisdiction of the subject matter, or of the person sued.

Should that be so, it would not render the docket incompetent evidence. Competency of evidence is one thing—what it may prove is an entirely different thing.

We should be inclined to hold, if a formal entry of a judgment appears on a magistrate's docket, on which it also appeared he had issued an execution, and in a case over which the law gave him jurisdiction, it would be presumed, if not rebutted, he had jurisdiction of the person, if the docket recites the fact that a summons issued which had been returned duly served on the defendant.

We think the court erred in rejecting the docket as evidence, and for this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*