ANDREW CRICHTON

v.

ALBERT W. BEEBE.

</div>

JUSTICE OF THE PEACE—CONTINUANCE.—Where, in a suit before a justice, the defendant did not appear, but an attorney appeared for him and asked a continuance for thirty days for the purpose of taking a deposition, and the justice without consent of the plaintiff continued the case for thirty-three days, the act of the justice operated as a discontinuance; the justice lost jurisdiction, and the judgment rendered in the case was void.

ERROR to the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed December 4, 1880.

Messrs. HALEY & O'DONNELL, for plaintiff in error; that

Crichton v. Beebe.

there is no presumption in favor of the jurisdiction of a justice of the peace, cited Moore's Civil Justice, § 27; Evans v. Pierce, 2 Scam. 468.

A justice can continue a case only in accordance with the statute: Harrison v. Chipp, 25 Ill. 575.

A continuance without authority amounts to a discontinuance: Proudfit v. Henman, 8 Johns. 390; Gamage v. Law, 2 Johns. 192; Maher v. Young, 13 Wis. 635.

There is no intendment in favor of the judgment of a justice, except what appears from the record: Shufeldt v. Buckley, 45 Ill. 223; Zimmerman v. Zimmerman, 15 Ill. 84.

Messrs. HILL & DIBBELL, for defendant in error; that where a defendant appears before a justice the appearance gives jurisdiction of the person: cited Wiggins v. Chicago, 68 Ill. 372; Fink v. Disbrow, 69 Ill. 76.

An appearance by attorney confers jurisdiction:    Wasson v. Cone, 86 Ill. 47.

Where a court has jurisdiction of the person and the subject-matter, every intendment is indulged in favor of the regularity and validity of the subsequent proceedings:    Service v. Hermance, 1 Johns. 91; Frary v. Dakin, 7 Johns. 75; Mills v. Martin, 19 Johns. 34; Ladbroke v. Giles, Willes, 199; Sollers v. Lawrence, Willes, 416; Rossevelt v. Kellogg, 20 Johns. 207; Bowman v. Ross, 6 Cow. 236; Wyman v. Mitchell, 1 Cow. 316; Voorhees v. Bank of United States, 10 Pet. 472; Morrison v. Woolson, 9 Foster, 510; Lattin v. Smith, Breese, 363; Morgan v. Green, 17 Ill. 395; Kern v. Strasberger, 71 Ill. 413; Chase v. Heaney, 70 Ill. 268; Finch v. Sink, 46 Ill. 169; Sloan v. Graham, 85 Ill. 28.

If the continuance beyond the statutory time is by request or consent of the defendant, jurisdiction is not lost:    Myer v. Fisher, 15 Johns. 504; Stoddard v. Holmes, 1 Cow. 245; Richardson v. Brown, 1 Cow. 255; Kilnure v. Sudam, 7 Johns. 529; Dunlap v. Robinson, 12 Ohio St. 530.

Consent may be inferred from the silence of the party, or his attorney, if present, and no objection appears upon the

record: Kilnure v. Sudam, 7 Johns. 529; Bliss v. Harris 70 Ill. 343; Wadhams v. Hotchkiss, 80 Ill. 437.

As to the power of a justice to adjourn a case: Hall v. Reber 36 Ill. 483.

LACEY, P. J. The defendant in error, Beebe, was a constable, and held two *alias* executions in favor of Noble Jones, and against Thomas Sloan and others, which he was about to levy on the personal property of Sloan. Plaintiff in error held a chattel mortgage executed by Sloan to him. Upon the demand being made by defendant in error for the property, plaintiff in error and Thomas Sloan, the defendant in the execution, formally and in writing, turned out the property in question, being four horses, which was secured by the chattel mortgage. The stipulation entered into by plaintiff in error, defendant in error and Sloan, provided that the only question which they or either of them reserved was the validity of the two judgments on which the executions were issued, and for the purpose of testing the invalidity of the judgments to replevy the property. After the property was levied on, the plaintiff in error brought his replevin suit. Jury was waived, and trial by the court, and finding for defendant in error.

The only question raised for the discussion of this court, is the validity of the two judgments. One of the judgments was for the sum of $98.99, and the other for $83.58. As the two judgments are between the same parties, and alike in date and in form, we will take the following one for an example:

"Transcript of proceedings before Francis Morgan, justice of the peace of Will county, between Noble Jones, plaintiff, and George Greenwood, Thomas Sloan and O. M. Marvin, defendants." After reciting the service of summons, it reads as follows: "Sept. 30, A. D. 1878, 10 o'clock A. M. The demand of the plaintiff being upon a promissory note which is drawn by defendants in favor of plaintiff, for one hundred dollars, with interest, dated Dec. 1st, 1875, and due on or before Oct. 1st, 1876; the balance on said note is $75.00. Defendant being called, comes not, but their attorney appears and asks for a continuance for 30 days, to get deposition of a witness in

Grundy Co. Illinois. Continuance granted till two days after November, 1878, at ten oclock, A. M. Case called, parties not present, but defendants fail to appear and show cause why judgment should not be rendered against them; it was therefore considered by the court that said plaintiff should have and recover of the said defendants the sum of $98.99, for his demand against said defendants, and the costs of suit, $4.03."

It appears from the evidence of the justice Morgan, and letters passing between him and O'Donnell, attorney for Sloan, which were introduced in evidence by defendant in error, that at the time the justice continued the cause for thirty-three days the plaintiff Jones was not present, and that the justice, at the time he continued the case, first set it for Nov. 1st instead of Nov. 2d, which as first set, was thirty-two days, and that after communicating with O'Donnell, attorney for Sloan, who had gone home, he changed the date of the continuance from the 1st to the 2d day of Nov., at 10 o'clock A. M., the first order of continuance never being recorded.

The record or justice transcript shows that defendant's attorney moved for a continuance for thirty days, and that the justice thereupon continued the case thirty-three days. But taking either the record alone, or the record and oral evidence, it does not appear that either of the parties to the record consented to the continuance for thirty-three days, except defendant Sloan, by his attorney, O'Donnell, after the case had been held in suspense two or three days, when he by letter, not in court, consented to a continuance to Nov. 2d. But the record shows no consent at all of plaintiff Jones. We are of opinion that both parties to the record should consent, even if consent could confer the power, which is at least doubtful, and which we do not decide. Harrison v. Chipp, 25 Ill. 579.

This presents the question. Had the justice the power to continue the case for a longer period than one month, and if he does so, does it amount to a discontinuance? Section 61, Chap. 79, statute 1874, provides, " that the justice may, before commencement of the trial, continue a case, not to exceed ten days at any one time, upon consent of the parties, or for good cause shown, and either party shall be entitled to such continuance,

if it shall appear upon his oath or that of a credible witness, that he cannot safely go to trial on account of the absence of material testimony, etc.   Sec. 59 provides, " that either party may have the case continued at reasonable time, not exceeding one month at any one time, for the purpose of taking depositions," etc.

Thus it is seen that the general statute provides that the justice shall not continue a case to exceed ten days at any one time; there is one exception to this, and that is that any party may have the cause continued for one month, for the purpose of taking depositions, and no longer at any one time.

The justice court is entirely regulated by the statute, and he must pursue the statute, and in case he continues a case longer than he is allowed, at least without the consent of both parties, he loses his jurisdiction, and the cause is discontinued.   In this case it also appears from the justice's entry there was no appearance by defendants at the trial on the 2nd of Nov., but default was taken.   Proudfit v. Henman, 8 John. 290; Gamoge v. Law, 2 John. 192; Maher v. Young, 13 Wis. 635.

It is claimed by counsel for defendant in error, that every reasonable intendment should be indulged in, in order to support the jurisdiction of the justice.   That if the justice continue the case thirty-three days, and the docket was silent as to whether the parties consented or not, the intendment would be that they did consent.   We are of the opinion that this is carrying the doctrine of intendment too far.

If the justice had continued the cause, not to exceed thirty days, *prima facie* the justice would have been acting within the bounds of the statute, and if the question of consent had come up, or the question as to whether the application for continuance had been made for the purpose of taking depositions, and the docket was silent as to those points, it would have been a reasonable intendment that the justice proceeded in accordance with law, and for proper causes; but, as in this case, where the continuance is beyond the time allowed by the statute in any case, *prima facie*, the justice has lost jurisdiction and proceeded illegally.   There should, then, in our opinion, be some affirmative record to show that he retained his juris-

diction, the same as though a new case had been commenced, or parties had voluntarily come before him and entered their appearance for the first time. In the first supposed case he is acting within the provisions of the statute. His first jurisdiction of the person and subject-matter appearing, the law will presume that he proceeded regularly and for legal cause, but we think in the last supposed case such presumption cannot reasonably be indulged in.

We are of opinion that there was a discontinuance, the justice having lost jurisdiction, and that the judgments on which the two executions held by defendant in error were entirely void and of no effect, and that the justice could not legally issue them. The judgment of the court below should have been in favor of plaintiff in error. For the error in not so rendering it, the judgment of the court is reversed and the cause remanded.

Reversed and remanded.