## J. B. PAYNE

### v.

### WILLIS TAYLOR ET AL., FOR USE, ETC.

*Judgments—Actions on—Justice's Transcript—Sufficiency of—Evidence.*

1. In an action on a judgment obtained in a justice court, this court holds that the transcript in evidence was sufficient to sustain the issues on the part of plaintiff, and that, though irregular in form, it was properly admitted in evidence.

2. Parol evidence to show that the defendant in the original suit was never served with summons was properly rejected.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This case was tried before a justice of the peace and

appealed to the Circuit Court of St. Clair County. On trial in
the Circuit Court, the plaintiffs, to maintain the issues on their
part, gave in evidence the following transcript of judgment
of a justice of the peace:

" In Justice Court, before G. W. Morgenthaler, a justice of
the peace. Suit was brought by Willis Taylor and E. H.
Burgess, for the use of A. C. Terhune, on demand of $102.25,
against J. B. Payne. Summons was issued on the 26th day
of December, 1887, and returnable on the 2d day of January,
1888, at 10 o'clock A. M., and given to Harry Morris, a con-
stable, to serve. By order of plaintiff the case adjourned to
6 o'clock P. M., on the 2d day of January, 1888. On time
and hour set for trial, the plaintiff appeared and the defend-
ant did not appear. The case was called, and it appearing that
due service was had on J. B. Payne, the plaintiff went to trial,
and from the evidence the court finds for the plaintiff in the
sum $102.20, for wages due as laborer or servant, and costs of
suit; therefore judgment is rendered accordingly, this 2d day
of January, 1888. G. W. Morganthaler, Justice of the Peace."

The transcript was duly certified to and on being offered in
evidence the defendant objected; the objection was overruled
and transcript allowed to go in evidence, which being all the
evidence for plaintiff, thereupon the defendant offered to prove,
by parol, that he was never served with summons in the suit
on which the transcript of judgment was made, which was
objected to and the objection sustained. It is further objected
that inasmuch as the transcript is silent as to the time at which
a continuance was had, and as to the time at which trial was
had, and the transcript shows a continuance and trial without
showing the hour each was done, that it amounts to a discon-
tinuance of the case.

The errors assigned are in admitting in evidence the trans-
cript, without proof that defendant had been served with
summons other than as appearing by the recitals in the trans-
cript, and in refusing to permit defendant to show by parol
that he was not served with process before the justice in that
suit on which the transcript in evidence was made.

Mr. ALEXANDER FLANNIGEN, for appellant.

Payne v. Taylor.

Messrs. Wilderman & Hamill, for appellee.

Phillips, J.   The transcript showing the issue of sum-
mons and containing the recital—" It appearing that due serv-
ice was had on J. B. Payne," must be held sufficient, *prima
facie*, to show a finding by the court of service in time, and
that the justice had jurisdiction of the person of defendant
on that trial.   Willoughby v. Dewey, 54 Ill. 266; Pardon v.
Dwire et al., 23 Ill. 572.

The transcript containing this recital, finding the justice had
jurisdiction of the person, it was properly admitted in evi-
dence without other proof than that appearing by the recital
in the transcript of service on defendant.   Nor was there
error in refusing to permit the defendant to show by parol he
was not served with process to appear before the justice in
that suit.   Garfield v. Douglass, 22 Ill. 100; Zimmerman v.
Zimmerman, 15 Ill. 84.

It is objected that inasmuch as summons was issued  on
the 26th of December, 1887, returnable on the 2d of Janu-
ary, 1888, at 10 o'clock A. M., and the transcript recites that
" by order of plaintiff the case adjourned to 6 o'clock P. M. on
the 2d day of January, 1888," it not appearing when the
adjournment was made or that the plaintiff was present at
the hour at which the case was set for trial, that it amounted
to a discontinuance; and it is further objected that it does
not appear from the transcript that the case was heard at
6 o'clock, at the time to which it was continued.   Technical
accuracy in transcripts by justices of the peace, can not be
required.   The inference must be indulged that the justice,
at the proper time of return, as fixed in the summons, con-
tinued the case, and it must be further inferred that at the
proper time a hearing was had.   Outlaw v. Davis et al., 27
Ill. 467; Crichton v. Beebe, 7 Ill. App. 272.   The judgment
must be affirmed.    .

*Judgment affirmed.*