W. JASPER WOOTERS

*v.*

GEORGE JOSEPH *et al.*

*Filed at Mt.Vernon March 31, 1891.*

1. REDEMPTION—*by judgment creditor—a statutory right.* The right of redemption from sale under execution or on foreclosure of mortgage, by a judgment creditor, is purely statutory, and the mode prescribed by the statute must be pursued to make a valid redemption.

2. JUSTICE'S TRANSCRIPT—*conditions to its proper filing—as a basis for redemption, etc.* A transcript of the docket of a justice of the peace, filed in the office of the clerk of the circuit court, was complete in all

8—137 ILL.

respects, except that the copy of the execution issued on the judgment failed to show that it was signed by the justice : *Held*, that the filing of such transcript created no lien on land, and that an execution issued on it was void, and could not form the basis of a redemption of real estate from judicial sale.

3. A transcript of a justice's judgment and proceedings is not authorized by law to be filed in the circuit court, and become a lien on the defendant's land, except upon the return of an execution showing that the defendant has not, in the county, sufficient personal property to satisfy the judgment and costs.

4. The transcript of the justice of the peace must be certified by him as truly copied from the files and books of his office, and, among other things, it must contain a copy of the execution or executions issued on the judgment, with the constable's returns thereon, showing no property found sufficient to satisfy the judgment and costs. If the copy of the only execution issued fails to show the justice's signature thereto, this defect will be fatal, though the original may, in fact, have been signed by the justice, and no execution can lawfully be issued from the circuit court on such transcript.

5. The issuing of an execution to a constable, and his return thereon that the defendant has not personal property sufficient to satisfy the judgment and costs within the county in which the judgment was rendered, are conditions precedent to the right to have a transcript filed with the circuit clerk ; and the transcript must recite the execution issued.

6. It is not merely the existence of the judgment before the justice of the peace, the issuing of an execution thereon, and prescribed return thereof by the constable, that creates the lien and authorizes the issuing of the execution by the circuit clerk, but the filing and recording in the proper office of the transcript thereof. The right to file the transcript depends, not upon the facts existing, but upon the transcript. reciting and showing the requisite facts.

7. EXECUTION—*requisites—must be signed.* A paper containing the form and phraseology of an execution issued by a justice of the peace,. except that it is not signed by him, is not an execution, and confers no powers or right on any one.

3. AMENDMENT OF RECORD—*as affecting prior vested rights, and one not a party.* It is not admissible to affect rights already vested, by an amendment of a record subsequent to the time of their being vested,. nor to affect one not a party in the proceeding in which the amendment is allowed.

APPEAL from the Circuit Court of Monroe county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. William Winkelman, for the appellant.

Mr. Charles Morrison, for the appellees.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

In the opinion filed when we first rendered judgment in this case, we inadvertently fell into an error in reciting the facts, and in order to make a correction in that respect, and also to give further consideration to the question of law discussed in the argument of the case, we ordered a rehearing.

It is sufficient for a comprehension of the only question of law that we are now called upon to decide, to say, in general terms, appellant was the original owner of the property in controversy, and still claims to be its lawful owner. Appellees claim to have obtained appellant's title by a master's deed, executed to them pursuant to a sale under a decree of foreclosure of a mortgage. Appellant claims that one Laughlin redeemed from that sale, and that he himself redeemed from Laughlin, and thereby relieved his title of all incumbrance.

Laughlin's claim of redemption rests upon an execution issued upon a transcript of the docket of a justice of the peace, in which what is claimed to be an execution issued by such justice of the peace is unsigned by any justice of the peace, and the question therefore is, whether a transcript from the docket of a justice of the peace filed in the office of the clerk of the circuit court, in which the only paper recited, in the nature of or resembling an execution, is a paper in the form and phraseology of an execution, except that it is unsigned by the justice of the peace, will authorize the circuit clerk to issue an execution, under which a redemption can be made from a prior sale. The right of redemption is statutory, (*Littler* v. *The People*, 43 Ill. 188,) and we must therefore turn to the statute and see whether what was here done was sufficient to authorize a redemption by Laughlin.

It is provided in section 87, of chapter 79, of the Revised Statutes of 1874, (p. 650,) that "the personal property of every; defendant in a judgment before a justice of the peace, not exempt from execution, shall be bound for the payment of such judgment from the delivery of the execution issued thereon to the constable; and the real property of such defendant, not exempt from execution, shall be bound, as aforesaid, from the date of the filing of a transcript of the judgment in the clerk's office, as provided in this act." Then section 95 of the same act takes up the subject, and proceeds thus: "When it shall appear, by the return of an execution first issued, as aforesaid, that the defendant has not personal property sufficient to satisfy the judgment and costs within the county in which judgment was rendered, and it is desired by the plaintiff to have the same levied on real property in that or any other county, it shall be lawful for the justice to certify to the clerk of the circuit court of the county in which such judgment was rendered, a transcript, which shall be filed by said clerk, and the judgment shall thenceforward have all the effect of a judgment of said court, and execution shall issue thereon out of that court as in other cases." And the next section (sec. 96) directs that "every transcript desired to be used for the purposes aforesaid, shall be certified, by the justice of the peace making the same, to be truly copied from the files and books of his office, and shall contain a copy of the original and each subsequent summons or process issued by the justice of the peace, the return of the officer or officers thereon, the judgment and the execution or executions issued thereon, with the return of the officer upon the same, and a copy of his docket in the case." And the next section (sec. 97) requires that the transcript shall be recorded before any execution shall issue thereon.

It is thus seen that the issuing of an execution to the constable, and his return thereon that the defendant has not personal property sufficient to satisfy the judgment and costs

within the county in which the judgment was rendered, are conditions precedent to the right to have a transcript filed with the circuit clerk, and that the transcript must recite the execution issued, with the return thereon, and, also, that it is not merely the existence of the judgment before the justice of the peace, the issuing of an execution thereon and prescribed return thereof by the constable, that creates the lien and authorizes the issuing of the execution by the circuit clerk, but the filing, and recording in the proper office, of the transcript thereof; and so, necessarily, whether in a given case a lien is created and authority conferred upon the circuit clerk to issue an execution, must depend, not upon the facts existing, but upon the transcript reciting the requisite facts. A paper containing the form and peculiar phraseology of an execution, except that it is unsigned by a justice of the peace, is not an execution. Such a paper could confer no authority upon a constable to make a levy, and his return upon it could have no other effect than his endorsement upon any other extrajudicial paper.

It is, however, shown, that long subsequent to the execution of the deed to appellees, and since, indeed, the first trial of that case, appellant obtained leave of the circuit court to amend the transcript of the justice of the peace, by adding the signature of the justice of the peace to the unsigned paper therein having otherwise the form and phraseology of an execution. But it is a sufficient answer to this, that appellees were not parties to the proceeding in which this leave of the circuit court was obtained, and it is not admissible to affect rights already vested, by an amendment of a record subsequent to the time of their being vested. *McCormick* v. *Wheeler et al.* 36 Ill. 114; *Church* v. *English,* 81 id. 442.

We find no reason justifying us in disturbing the judgment below, and it is therefore affirmed.

*Judgment affirmed.*