## Raphael Subim, for the use of Seward S. Shirer, v. Jacob Isador et al.

1. JUSTICES OF THE PEACE—*Technicality in Proceedings Before.*— Technical accuracy in transcripts of proceedings by justices of the peace can not be required.

2. SAME—*Presumptions in Favor of Regularity.*—Where it appears on the face of the record that the justice has jurisdiction of the person and subject-matter of the litigation, and the record shows a plain purpose by him to follow the law, it is proper to indulge an inference in aid of his transcript in regard to the regularity and legality of the steps taken by him as shown therein.

3. SAME—*Malice, When the Gist of the Action.*—A verdict finding the defendant guilty of false and fraudulent representations in contracting the indebtedness sued for, is equivalent to a finding that malice is the gist of the action.

4. EXECUTION—*When to Issue Against the Body.*—Upon all judg-

ments in tort, justices of the peace may issue executions against the body or goods and chattels of the defendant, at the election of the plaintiff.

5. SAME—*Not Void Because it Fails to Limit the Imprisonment.*— An execution against the body of a judgment debtor in the form prescribed by Sec. 123 of the justices and constables act is not void because it omits to limit the imprisonment under it to six months from the date of the arrest.

6. PRESUMPTIONS— *In Aid of Justices' Transcripts—Body Executions.*—Where a justice's transcript contains the entry, " body execution ordered and issued to Constable Chase," such entry will be read as meaning that such execution was ordered by the plaintiff, he or his attorney being the only persons who might rightfully order it to issue, and an ordering of such an execution is equivalent to an election to have it issued.

7. SAME—*As to the Oath Required in Issuing Capias.*—Where a capias has been issued by a justice of the peace it will be presumed that he required such an oath to be made as the law required (the record being silent in regard thereto). ·

**Trespass for False Imprisonment.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

WILLIAM H. SLACK and JOSEPH V. CRANE, attorneys for appellant.

IVES & TONE, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a suit in trespass, for false arrest and imprisonment, brought by appellant against appellees.

To appellees' special plea of justification appellant demurred, and the demurrer being overruled appellant elected to stand by his demurrer, and judgment for costs went against him.

The special plea of justification set forth the proceedings in a suit brought by appellee Isador, against the appellant, before a justice of the peace, wherein a judgment in tort was rendered against appellant, upon which the body execution issued, under which appellant was arrested and imprisoned.

It is submitted by appellant that the justice of the peace lost jurisdiction over the defendant (appellant) by ordering a continuance of the suit, because the transcript of such proceedings, set up in the special plea, does not show that either of the parties, plaintiff or defendant, were present and asked for a continuance.

Under the date to which the summons was returnable, and upon which the case was continued by the justice, the entry is, "Case called and continued to," etc.

The argument is that the justice had no authority or jurisdiction to continue the case, except as conferred by the statute.

The sections of the statute under which a justice of the peace is given authority to continue suits for any cause, are believed to be embodied in Sections 37, 38, 67 and 68, Chap. 79, Rev. Stat., entitled "Justices and Constables," Hurd's Ed. 1898, which need not be here reproduced.

The record of the proceedings before the justice, including the summons and return, as set forth in the plea, discloses that the justice had jurisdiction of the person of the defendant and of the subject-matter of the suit, and the intendment and presumption of law follows that he continued the case for some legal cause, in accordance with the statute.

Such is the holding in Crichton v. Beebe, 7 Ill. App. 272, and is the substance of what was held in Payne v. Taylor, 34 Ill. App. 491, and the doctrine commends itself to us upon reason. As said by Mr. Justice Phillips, in the last cited case: "Technical accuracy in transcripts by justices of the peace can not be required."

Where it appears on the face of the record that the justice has jurisdiction of the persons and subject-matter, and the record shows a plain purpose by the justice to follow the law, we hold that it is proper to indulge in inferences in aid of the justice's transcript in respect of the regularity and legality of the steps taken by the justice as thereon shown. Payne v. Taylor, *supra*.

In other words, as applied to this case, it appearing by

the transcript of the justice's docket that the case was called and continued, we will infer that the continuance was made for some one of the causes provided for by the statute.

The next point is that the special plea should have set forth facts showing that the judgment upon which the body execution issued was a tort judgment.

The plea sets forth the verdict of the justice's jury, the judgment in tort on the verdict, and the issuance and service of the body execution under which the alleged imprisonment was made.

The verdict was :

" We, the jury, find the defendant guilty of false and fraudulent · representations and fraudulently contracting the indebtedness sued for, and assess the plaintiff's damages at the sum of two hundred dollars ($200)."

It was held by this court in Blattau v. Evans, 57 Ill. App. 311, that a verdict substantially like this one was equivalent to a finding by it that malice was the gist of the action, and, by inference, the form of verdict was approved.

The judgment rendered upon the verdict was one in tort and in proper form, as was also the body execution regular and proper on its face, and together they constituted a sufficient justification by the officer and plaintiff for the defendant's arrest, without a setting forth, in the plea, of the evidence or facts upon which the judgment was based.

The next point is that it is not made to appear by the plea that the body execution was issued at the election of the plaintiff, and Section 120, Ch. 79, R. S., is referred to, which provides:

" Upon all judgments in actions in tort    *    *    *    the justice may issue an execution against the body or goods and chattels of the defendant, at the election of the plaintiff."

The justice's transcript, as set forth in the plea, shows under a date more than twenty days after the rendition of the judgment, an entry of " Body execution ordered and issued to Constable Chase."

We read such entry as meaning that the body execution

was ordered by the plaintiff, he or his attorney being the only person who might rightfully order the execution to issue, and, of course, an ordering of a body execution was equivalent to an election to have it issued. But if there be any doubt about it, then the inferences we have already spoken of would aid the transcript. See also Outlaw v. Davis, 27 Ill. 466, where it was held, in the case of a capias issued by a justice of the peace, that it would be presumed that the justice required, the record being silent in regard thereto, such an oath to be made as the law required.

The further point is made that the body execution is void, because it does not specify or limit the time of imprisonment thereunder.

The execution is in the precise form prescribed for executions against the body, by section 123 of the justices and constables act, but the argument is that said section has been modified by the subsequent enactment of section 34 of the insolvent debtors act, which provides, among other things :

"No person heretofore or hereafter imprisoned under the provisions of this act shall be imprisoned for a longer period than six months from the date of arrest."

Even if it be conceded that the insolvent debtors act has application to a case of arrest or imprisonment where malice is the gist of the action, the defendant would not be entitled to an absolute release at the end of six months, or sooner, without compliance with other provisions of the same act in respect of scheduling his property.

In the absence of such a compliance, and an order of the County Court thereunder discharging him, a defendant in a body execution has not an absolute right to be discharged until the execution against him has been satisfied at the rate of one dollar and a half per day of imprisonment.

The last point is that the officer's return of the body execution does not show a compliance with the mandate of the writ.

The mandate of the writ is that the constable, for want of goods, etc., deliver the body of the defendant " to the

keeper of the jail of said (Cook) county," etc. The return is that the officer has " committed the said defendant to the common jail of Cook county," etc. This we regard as compliance with the writ and a sufficiently good return.

With regard to the second subdivision of the last point, that the return does not show a personal demand upon the defendant for satisfaction of the judgment and a refusal by the defendant to satisfy the same, the return seems, in our opinion, to be explicit in respect of both the demand and refusal.

All the points made having been disposed of, it remains only to affirm the judgment. Affirmed.