## O'DONNELL v. MERGUIRE et al.*

### S. F. No. 1346; March 31, 1900.

#### 60 Pac. 981.

**An Execution Signed by a Deputy Clerk for a Clerk** of the court, whose term expired several months prior to the issuance of the execution, is void, under Code of Civil Procedure, section 682, declaring that an execution shall be sealed with the seal of the court and subscribed by the clerk; and a purchaser at a sale had under a levy based on such execution acquires no title to the property, so as to enable him to question a conveyance thereof by the judgment debtor, as fraudulent.

*For subsequent opinion in bank, see 131 Cal. 527, 131 Am. St. Rep. 389, 63 Pac. 847.

APPEAL from Superior Court, Alameda County.

Action by Delia T. O'Donnell against J. H. Merguire and others. Judgment was rendered in favor of plaintiff, and from an order granting defendants a new trial plaintiff appeals. Reversed.

Reed & Neusbaumer for appellant; Chas. W. Reed for respondents.

TEMPLE, J.—This is an action to quiet title. The plaintiff had judgment, and on application of defendants a new trial was granted. The appeal is from that order. The defendants claimed title through an execution sale under what is claimed to have been an execution against Thomas O'Donnell, husband of the plaintiff. Plaintiff derived her title through a deed of gift from her husband, which the defendants contended was fraudulent as to creditors of Thomas O'Donnell. The new trial was asked for upon all the statutory grounds, and, among them, for the alleged error of the court in admitting in evidence the judgment-roll, execution and sheriff's deed under which the defendants claim. The particular objection to the execution was that it was not subscribed by the clerk. The execution bears date April 6, 1895, and is attested thus: "Attest my hand and seal of said court the day and year last above written. M. C. Haley, Clerk, by B. Dougherty, Deputy Clerk." The term of M. C. Haley as county clerk ended several months prior to this date, at which time C. F. Curry was county clerk. Section 682 of the Code of Civil Procedure prescribes that an execution shall be issued in the name of the people, sealed with the seal of the court, and subscribed by the clerk. The "test," as it has been understood, is not required. Under these code provisions, every execution must be subscribed by the clerk. No other mode is provided for its authentication, and without it there can be no writ of execution. It is mere waste paper. Respondents submit a list of authorities which they contend support the view that the execution is not void, although not signed by the clerk. That may be true where the writ is otherwise authenticated, as it is in New York and many other states where execution must be signed by the party in whose favor it is issued, or, as said there, by the party who issues it. If so signed, it is not void, although not authenticated

by the clerk. Such a document could not be regarded as a writ in this state. Upon this subject, see Munis v. Herrera, 1 N. M. 362; Purcell v. McFarland, 23 N. C. 34, 35 Am. Dec. 734; Huggins v. Ketchum, 20 N. C. 550; Wooters v. Joseph, 137 Ill. 113, 31 Am. St. Rep. 355, 27 N. E. 80.

It is not shown by independent evidence that Dougherty was or was not the deputy of Haley during his term of office, or of Curry. We cannot disregard the form of the signature, which implicitly asserts that he was acting as the deputy of Haley. His signature, then, if recognized at all, must be regarded as the signature of Haley, and, of course, cannot be the signature of Curry. In this respect the signature is much worse than it would have been if no principal had been named. It might then have been argued that he was deputy of the county clerk, whoever he was. Whether that would have been sufficient to prevent a conclusion that the writ was absolutely void need not be considered. I think the execution was absolutely void, and therefore it is of no importance in this case whether the conveyance from Thomas O'Donnell was fraudulent or not. Order reversed.

We concur: McFarland, J.; Henshaw, J.