GUY BROCKWAY

*v.*

TRINITY METHODIST EPISCOPAL CHURCH OF CHICAGO.

*Opinion filed October 26, 1903—Rehearing denied December 4, 1903.*

1. JUDGMENTS AND DECREES—*execution must issue in one year from filing transcript.* To preserve the lien against real estate arising from the filing of a transcript of a judgment of a justice of the peace in the office of the circuit clerk, an execution must issue from the office of said clerk within one year from the such filing.

2. SAME—*issuing of execution by justice of the peace has no effect to preserve lien.* The issue of the execution by a justice of the peace which must precede the filing of the transcript with the circuit clerk is not a compliance with the statute requiring issue of an execution on a judgment within one year to preserve the lien against land.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is an appeal from that portion of a decree of the superior court of Cook county, entered in a proceeding commenced by appellee under the Burnt Records act, to which appellant was made a party, which canceled and removed as a cloud upon its title a sheriff's deed executed to appellant, purporting to convey to him a portion of the premises in controversy.

It appears that appellant recovered a judgment in a justice court in Cook county against appellee's grantor, sued out an execution thereon, which was returned by the constable "no property found," and then caused a transcript of said judgment to be filed in the office of the clerk of the circuit court of Cook county. About eight months thereafter the judgment debtor sold the real estate in controversy to appellee. Appellant, one year and fourteen days after the date of the filing of the transcript in the office of the circuit clerk, sued out an execution, placed it in the hands of the sheriff, who levied upon and sold the said real estate and in due time made a deed thereto to appellant, who was the purchaser at said sale. Afterwards appellee commenced this proceeding, and upon the trial the superior court held appellant took no interest in said premises through said sale, as his lien, by virtue of the transcript, had expired before the date when said execution issued. It is admitted by appellant that if the lien created by the transcript had expired before said execution issued he took no title through the sheriff's sale, but it is insisted said lien was in full force and effect at the time the execution issued.

OSCAR A. KROPF, for appellant.

PENCE & CARPENTER, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The sole question before us is, was it necessary for appellant to sue out an execution within one year from the date of filing the transcript in the office of the circuit

clerk in order to keep alive the lien of said judgment after one year from the date of filing said transcript? The contention of appellant is, that the provision of the statute requiring an execution to issue within one year from the date of a judgment of a court of record, in order to preserve a lien for more than one year, was satisfied by the execution issued by the justice of the peace upon said judgment, while appellee insists that the statute requires that an execution issue from the office of the circuit clerk within one year from the filing of the transcript therein, as in case of judgments in courts of record.

Section 7 of article 11 of the Justice and Constable act (Hurd's Stat. 1901, p. 1126,) provides that a judgment before a justice shall become a lien upon the personal property of the defendant from the delivery of an execution to the constable, "and the real property of such defendant, not exempt from execution, shall be bound as aforesaid, from the date of the filing of a transcript of the judgment in the clerk's office, as provided in this act." Section 1 of article 12 of said act provides, when it appears from the return of an execution issued from a justice court that the defendant has no personal property sufficient to satisfy said judgment and costs within the county in which the judgment was rendered, if the plaintiff so desire the justice may certify a transcript of said judgment to the clerk of the circuit court of the county in which the judgment was rendered, and which, when filed by the clerk, "shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon, out of that court, as in other cases." Section 1 of chapter 77, after providing that a judgment in a court of record shall be a lien on real estate of the person against whom it is obtained for a period of seven years from the date rendered, contains the following provision: "When execution is not issued on a judgment within one year from the time the same becomes a lien it shall thereafter cease to be a lien."

The issuing of the execution from the justice court cannot be held to be a compliance with the provision of section 1 of chapter 77, requiring an execution to be issued within one year from date of judgment. The purpose of the issuing of the execution from the justice court is to create a lien upon the personal estate of the defendant, and its return "no property found" is a condition precedent to the right of plaintiff to file a transcript. (*Wooters* v. *Joseph*, 137 Ill. 113.) Upon the return of the execution "no property found" it becomes the privilege of the judgment creditor to have a transcript, which transcript, when filed in the circuit clerk's office, has all the effect of a judgment of the circuit court. It is the filing of the transcript in said office which creates a lien on real estate,—not the recovery of judgment in the justice court,—and upon the filing of the transcript the judgment creditor acquires the rights of judgment creditors in courts of record, but no greater, and in order to preserve a lien for more than one year an execution must issue as in case of judgments obtained in courts of record.

We are of the opinion that the superior court of Cook county properly found in its decree that the filing of the transcript in the office of the clerk of the circuit court was not sufficient to create a lien upon real estate for more than one year from the filing of said transcript, and that more than one year having elapsed between the date of filing the transcript and the date of the issuing of this execution, and the premises in question in the meantime having been conveyed to appellee, it took the same freed of said judgment lien, and that the sale thereof under said execution was void and properly canceled and set aside as a cloud upon appellee's title. The decree of the superior court will therefore be affirmed.

*Decree affirmed.*