## C. B. Hudleson, Appellant, v. E. G. Hutson et al., Appellees.

1. JUSTICES OF THE PEACE—*amendment of transcript.* On forcible detainer by an execution purchaser, it is not error to refuse an amendment to the transcript of the justice to make it conform to the docket which shows the making of the oath required by statute, when execution issues prior to the expiration of twenty days after judgment, since the execution purchaser's deed must rest on facts shown by the transcript when execution issued.

2. JUSTICES OF THE PEACE—*execution.* The clerk of the circuit court is authorized to issue execution on the filing of the justice's transcript, and a sale thereunder is valid where the transcript contains copies of the summons, the execution and return, and a certified copy of the justice's docket which show jurisdiction of the parties and subject-matter, since it is a fair inference from the transcript that the justice complied with the law and caused the proper oath to be made before issuing execution.

3. FORCIBLE ENTRY AND DETAINER—*appeals and errors.* On appeal in forcible detainer defendant cannot raise the question of want of demand for possession, where the record does not show that he raised the question in the trial court and no cross-errors are assigned.

4. MORTGAGES—*redemption.* After redemption of premises by judgment creditor from foreclosure sale, c. 77 §§ 21, 22 apply, and if an amount not greater than the redemption money and interest is bid at the redemption·sale, no further redemption can be made though two months or more remain of the three months allowed a judgment creditor to redeem, and if the redemption sale is for more than the redemption money, interest and costs, no redemption can be made after the expiration of sixty days, but redemptions may be made within that time though they are made after the expiration of fifteen months from the date of the original sale.

Appeal from the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this .court at the March term, 1912. Reversed and remanded. Opinion filed June 5, 1912.

W. F. DILLON, for appellant.

MOONEYHAM & SEEBER, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The following facts disclosed by the record in this case are sufficient to show the essential matters involved in this appeal.

At the May term of the Circuit Court of Franklin county, Illinois, the First National Bank of Benton foreclosed a mortgage executed by appellees upon certain premises therein described, and on August 6, 1910, following, the premises were sold by the Master in Chancery in pursuance of the decree entered in said cause and purchased by said bank. On November 14, 1908, W. F. Dillon and others joined with him, obtained a judgment before a justice of the peace of said county against E. G. Hutson, who owned the premises, for the sum of $97.17 and costs. On November 18, 1908, an execution was issued in said case and delivered to a constable, who, on the following day, returned the same unsatisfied, for the reason, as stated by him, that the defendant had no personal property in said county out of which said judgment and costs or any part thereof could be made. Two days later, a transcript of the judgment was filed by the justice in the office of the clerk of the Circuit Court of said county. On August 8, 1911, said premises were redeemed from the foreclosure sale by said judgment creditors and an execution was issued on the transcript. The sheriff of said county levied on the premises by virtue of said execution and on September 2, 1911, sold the same at public sale, C. B. Hudleson, the appellant here, becoming the purchaser. On November 3, 1911, the sheriff executed a deed to said premises to appellant, who ten days later, brought this suit in forcible detainer against appellees, who occupied the premises, to obtain possession thereof under his sheriff's deed.

Upon the hearing of the case a jury was waived and the trial resulted in a judgment in favor of appellees and against appellant for costs.

It appeared that the transcript of the proceedings before the justice of the peace, which was filed in the office of the circuit clerk and introduced in evidence on the trial of this cause, showed that execution was issued by the justice on the fourth day after the judgment was obtained before him but the transcript failed to show that the oath required by section 2, article 11 of the statute in reference to justices and constables, to authorize the justice to issue an execution prior to the expiration of twenty days from the date the judgment had been made. The docket of the justice, however, which was also in evidence, showed that the affidavit had, as a matter of fact, been filed. Appellant asked leave of court to cause the transcript of the justice to be amended so as to show the making of the oath required by law and to conform to the entries on the docket. The refusal of the court to allow this amendment to be made is assigned and argued by appellant as error. There was no error in this action of the court, as appellant was not deprived thereby of any rights which would have been of benefit to him on the trial, for the reason that the law appears to be well established in this state, that a deed issued under such circumstances must rest on facts shown by the transcript at the time the execution was issued.

In the case of Schmitt v. Weber, 239 Ill. 377, where this question was before the court, it is said in the opinion delivered by Mr. Justice Farmer, ''We are of opinion that the authority of the clerk of the Circuit Court to issue executions upon the transcripts depended upon said transcripts reciting such facts as gave him such authority, and if they did not do so, the defects and irregularities could not be supplied after execution had been issued, real estate levied upon and sold, the time for redemption expired and a deed executed to the purchaser,'' and in support of that doctrine the cases of Wooters v. Joseph, 137 Ill. 113; and Hobson v. McCambridge, 130 Ill. 367, are cited.

It is further insisted by appellant that the court erred in rendering judgment in favor of appellees and against him for costs and the vital question is, whether the transcript of the justice's docket, filed with the clerk of the Circuit Court, was sufficient to legally authorize the clerk to issue the execution thereon.

Section 2 of article 12 of the statute in reference to justices and constables provides that "every transcript desired to be used for the purposes aforesaid (that is to authorize a levy on real estate) shall be certified by the justice of the peace making the same, to be truly copied from the files and books of his office and shall contain a copy of the original and each subsequent summons or process, issued by the justice of the peace, the return of the officer or officers thereon, the judgment and the execution or executions issued thereon, with the return of the officer upon the same, and a copy of his docket in the case."

The case of Subim v. Isador, 88 Ill. App. 96, was a suit in trespass for false arrest and imprisonment arising upon a judgment in tort, where an execution against the body was issued. It was the contention of appellant there that the justice of the peace had lost jurisdiction of the case because the transcript of the judgment showed the case was continued, but did not show that either party was present or asked for a continuance or that the case was continued for any legal cause provided by statute, the entry being merely "case called and continued," etc. The court held that the omission was not fatal to the transcript and in the course of the opinion it is said, "The record of the proceedings before the justice including the summons and return as set forth in the plea, discloses that the justice had jurisdiction of the person of the defendant and of the subject matter of the suit and the intendment and presumption of law follows that he continued the case for some legal cause in accordance with the statute." To the same effect is the hold of the

court in the case of Payne v. Taylor, 34 Ill. App. 491, where it was said by the court, speaking through Mr. Justice Phillips, in sustaining the sufficiency of a transcript of a justice of the peace, to show jurisdiction on the part of the justice that "technical accuracy in transcripts by justices of the peace, cannot be required."

In the case of Outlaw v. Davis, 27 Ill. 467, the court had under consideration a statute in relation to justices of the peace, which provided that to entitle a plaintiff to a warrant against the defendant to hold him to bail, the plaintiff should make oath that there was danger his debt or claim would be lost unless the defendant was held to bail, and it was there claimed by one of the parties, that a capias had been issued without any affidavit being filed therefor; but the court said that an affidavit in writing was not required by the statute but simply an oath which the justice could administer and that the presumption must therefore obtain that the justice required all the necessary averments in the oath.

In the present case the transcript contains copies of the summons, the execution and return thereon, and what is certified by the justice to be a copy of his docket, and from these it can be seen he had jurisdiction of the parties and the subject matter of the suit. Under such circumstances, following the reasoning of the authorities above referred to, we are of opinion it is a reasonable and fair inference from the transcript, that before issuing the execution the justice complied with the law and caused the proper oath to be made. It follows that the clerk of the Circuit Court was authorized to issue execution upon the transcript filed with him and that the sale of the premises thereunder to appellant was a valid sale.

It is contended by appellees that the deed to appellant was void for the reason that it was issued three days prior to the expiration of fifteen months from

the date of the sale. It is provided by sections 18 and 20 of chapter 77 of the Revised Statutes (Hurd 1909), that any defendant, his heirs, administrators, assigns or any person interested in the premises through or under the defendant, may within twelve months from the sale of the same, made by a sheriff or master in chancery, redeem the real estate so sold, and if such redemption is not so made, judgment creditors may redeem the same after the expiration of twelve months and within fifteen months after the sale. Section 21 of said Act provides that if no greater amount is bid at the redemption sale than the amount of the redemption money paid, with interest thereon from the date of the redemption, the premises shall be struck off to the person making the redemption, the officer shall forthwith execute a deed of the premises to the purchaser and no other redemption shall be allowed. Section 22 provides, that if the premises redeemed shall be sold for more than the amount of such redemption money, interest and costs, the excess shall be applied on the execution under which the redemption was made, and a deed of the premises sold, made to the new purchaser in sixty days from the date of such sale, unless, in the meantime, there is a further redemption of the same.

The theory of appellee is that if the sixty days come within the three months allowed to all judgment creditors to redeem after the expiration of twelve months from the original sale, that the deed cannot be made until the expiration of the full three months. With this contention we cannot agree. After redemption by a judgment creditor, sections 21 and 22 become operative, and if no greater amount than the redemption money and interest is bid at the redemption sale no further redemption can be made, even though two months or more may still remain of the three months allowed a judgment creditor to redeem, and it is equally true that if the sale is made for more than the

amount of the redemption money, interest and costs, no further redemption can be made after the expiration of sixty days from the date of the last sale, although successive redemptions may be made from time to time within sixty days of the last sale at which they were sold for more than the amount of the redemption money, interest and costs, even though one or more of such redemptions should be made after the expiration of fifteen months from the date of the original sale. Such is plainly the law as laid down by the statute.

Appellee states as a further reason why the judgment in this case should be affirmed, that the demand for possession, required by the statute, is not shown by the evidence to have been given. The record contains what purports to be a demand for possession, which is in proper form, but is not included in that portion of the record devoted to the bill of exceptions.

It does not appear, however, from the record, that appellees raised the question of a want of demand for possession, in the court below, and no cross errors have been assigned by them, consequently they are not in position to raise the question on this appeal. The judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*